Number four for this morning is United States v. Hughes. Mr. Drysdale. Thank you, Your Honor. May it please the Court. Tom Drysdale, and I'm here today representing Deandre Hughes. This appeal presents three questions. The first two are intertwined and ask this Court to reaffirm that individuals facing revocation of supervised release are still entitled to the basic protections that Rule 32 provides them of fair and adequate notice, and the third issue deals with an illegal 36-month term of supervised release. Now, Rule 32.1 requires the government to provide written notice of alleged violation of supervised release, and when that violation turns on a new local, state, or federal offense, the government's notice cannot simply say the defendant committed a crime. This Court's precedent and the rule requires more. It is our position, and I think after reading the government's brief, I think this case comes down to an interpretation, essentially, of United States v. Lee and United States v. Kirtley, and it's our position that Lee requires, this Court's precedent requires, that a defendant be put on notice of the elements that he is going to have to defend against in a revocation hearing, and Lee very clearly talks about elemental notice, talks in those terms. Is there anything in Rule 32.1 that requires a listing of elements as if this were an indictment? No, Your Honor. So where would this requirement come from? Your Honor, I think it comes from the case law and the Court's interpretation of the rule. Stray language in cases is not a source of legal requirements. Here, you're arguing that it's based on Rule 32.1. You agree that there's no language in the rule that requires notice of elements. You also invoke the Due Process Clause, and I can't see any language in the Due Process Clause that requires notice of elements. Now, whether or not we have imprecise language in a decision, the sources of authority on which you are relying just don't appear to support the contention. Is there anything else, any other rule or statute? No, Your Honor. It's simply that we are—I think we start from the base of the rule that we are required notice. Well, that's 32.1. Correct. And so the question then becomes, what does that notice have to entail? And I think when we look at this Court's decisions in Kirtley and Lee, we look at Kirtley and we see that that defendant got notice of the specific statute that he was alleged to have violated. Now, we know from Lee that that's not required, but this Court also said that Kirtley got the minimum required notice, and Kirtley was given notice of the statute. The defendant in Lee was not given notice of the statute. So how do you reconcile those two cases, the minimum required notice and Lee? And we believe that you reconcile that by saying the defendant has to be on notice of the elements that he is going to have to defend against. And the moving target that is consistently presented by the government in this case really hammers that point home for us as we don't know from the petition what we're supposed to defend against. It's just that he violated a crime and here is a list of facts. And then when we get to the— It also cited the state statutes. It included police reports that cited statutes. Now, it's true there was no listing of elements, but you have my problem. I just can't see where the requirement to list elements comes from. I could imagine putting that in Rule 32.1, but it isn't there. Part of the problem, I think, with the police reports and the notice from the police reports is that the police reports talk about retail theft and robbery. But then when we get to the revocation hearing, the government stands in front of the district court and said, We are going to, today, prove that the defendant committed three burglaries. Burglary, robbery, retail theft or not. Did Hughes complain that he was being taken by surprise? Not in the district court, no, Your Honor. So the error is—we are on plain error review here. And given the absence of any such requirement in Rule 32.1, it's hard to see how we've got plain error. And I think Hughes' contention, Your Honor, is that the error is plain because we believe our reading of Lee requires elemental notice because that's the minimum notice that must be given to the defendant if it is not a statutory citation, which we know from Lee that it does not have to be. And so, again, it's never given to the defendant. It is consistently a moving target. The district court holds him accountable and sentences him to a sentence that is three times above the top end of the guideline range based on three burglaries. And to go to our second point, I mean, the record is very clear here that he could not have committed a burglary on the second offense at the Jewel. In fact, the government concedes that he wasn't liable as a principal for committing that burglary. And he couldn't have been. He didn't go into the Jewel. And then entry is required to be convicted of burglary. And so on the second issue, the government, on appeal for the first time, comes up with some kind of accomplice liability theory that's nowhere in the record. It's not discussed, and it's problematic for the reasons that we put in our reply brief. He's not just sitting in the car, and then people come out, and he had no reason to know what they were doing inside. This was in the middle of two other crimes that he personally committed, and there was no issue of accomplice liability. So why would that matter? I think it matters, Your Honor, because we're in a situation where the district court seems to hold him personally liable for that burglary, and it just, we don't know. We simply don't know if he's not being held liable for a burglary, if the sentence, because the district court structured this sentence very carefully, 10-10-10, one for each burglary. And we just simply don't know if the outcome is going to be the same, if we have the district court not considering that second burglary or not considering whether he actually committed a burglary. And just briefly to touch on the third issue relating to supervised release, I'm happy to walk the court through the entire analysis, but I think it's pretty clear that probation had this right in the PSR. The defendant, because he was safety valve eligible, could only be sentenced to a maximum term of supervision of five years. Where does that come from, by the way? The maximum term of supervision depends on the statutory maximum sentence. And how does safety valve relief affect the statutory maximum as opposed to the statutory minimum? So I think it's the way that 18 United States Code 3583 interacts with 21 U.S.C. Section 841. So if you start at 3583, how do you get there? If you start at 3583B, Your Honor, it sets the statutory maximum terms of supervised release generically based on your felony offense, your grade of felony. It then says, unless otherwise specified. So you move to a different statute if there is a statute that you are convicted under that has a mandatory minimum. So that would be 841. So we move into 841. And it's life. And it's five to life. However, he's safety valve eligible. So we know that the five does not apply because safety valve applies equally to both the term of supervision and the term of incarceration. So once the minimum term falls out, then the only way these two statutes work together is that you default back to 3583. Why would we keep the life term in 841? Why? Because, Your Honor, because the life term only applies by virtue of the minimum term applying. And so it doesn't make sense to read these two statutes together. Do you have any court of appeals that's adopted your approach to this? To the best of my knowledge, Your Honor, I was unable to find any case law on the issue. It would certainly be surprising, given the normal understanding of safety valve relief as affecting the minimum, to find that it also affects the statutory maximum. And I think that it has to. I looked and couldn't find any case saying that or giving any reason. Nor could I, Your Honor, but I think it has to because the only way you have to, I think it's the only way the statutes work together because the only way we get the minimum or the maximum of life, rather, is through the minimum. And once that minimum falls out, it certainly makes more sense to go back to 3583 than it does to stay in 841. So your argument is that because 841 says it sets the minimum and there is no maximum. And courts have inferred that the maximum is life by virtue of the minimum. And so that's where we get to life. But once that minimum falls out, then the maximum that applies under 3583 has got to be the maximum that applies because we're no longer under 841 by virtue of the safety valve. The safety valve takes that minimum away. I can see it well over my time if I may reserve the last couple seconds. Thank you, Mr. Drysdale. Ms. Morgan. Good morning, and may it please the Court, Alex Morgan on behalf of the United States. I'm going to start with where opposing counsel left off, the issue of the maximum term of supervised release. The maximum term of supervised release here is life, and the safety valve does not impact that analysis at all. The statutory maximum is set by Section 841b1, which this Court has said numerous times authorizes a lifetime term of supervised release. And the default caps in 3583b apply except as otherwise provided by statute, and here that's exactly what 841 does. It provides otherwise. So the safety valve eliminates that minimum but doesn't say anything about the maximum. So the district court's imposition of the 36-month term of supervised release was within the statutory maximum of life. Turning to the notice issue, the notice defendant received was... Can we stick with that first argument for a second? We also have Section 5D1.2 of the guidelines, and now that's not statutory, but it does seem to suggest that at least the Sentencing Commission was considering the statutory maximum when the safety valve was in play to be five years. I don't read the guideline that way. I think what that guideline says is that that's setting the guideline range and is not touching the statutory maximum, and it indeed only refers to, you know, consentence without respect to the statutory minimum term of supervised release and then provides the guidelines range, but I don't think that that can be read as changing the statutory maximum. Moving on briefly to notice, the notice here was consistent with due process rights and Rule 32.1. There is no unfair surprise, as defendant has complained of, because defendant here was given sufficient basic facts to give him notice of the violation. Probation's reports, along with the attached police reports, included the violation, the date, time, and location of each liquor store theft, and the offense code. That's exactly what Rule 32.1 and the Due Process Clause require. There's nothing in this court's case law that would require otherwise. If there are no questions, the government requests that this court affirm defendant's sentence. Thank you, Counsel. Mr. Drysdale, you had three seconds remaining. I'll round it up to 30. It's a factor of 10 increase. It sounds familiar. Much appreciated, Your Honor. The only point I would like to make on rebuttal is that if you look at the PSR, probation at least interpreted the safety valve provision the same way we do, and to reiterate what we said, the only way you get that increased statutory maximum term of supervised release is through the minimum. And so when the minimum falls out, the question I think becomes, does it make more sense to apply the statutory maximum that only exists because of the minimum, or to go back to the default position that would exist without the enhanced term that applies through the minimum? Thank you, Your Honors. Thank you very much. The case is taken under advisement.